Before I begin, I want to request two minutes for rebuttal, and I also wanted to clarify that I'm here as part of that Penn Law Externship Program, so I'm here under local rule, local appellate rule 46.3. Right. Okay, just making sure we're on stage. No worries. Go ahead, please. Okay. Good morning, and may it please the court. My name is Catherine McKean, and I am arguing on behalf of the petitioner, Darnell Doss. Today this court has certified a very narrow issue for review. Does the district court in this case have jurisdiction over Mr. Doss' January 2020 letter under Rule 60B? Jurisdiction over that letter is proper for three main reasons. First, the district court explicitly denied Mr. Doss' initial habeas corpus petition based on his valid waiver of his direct right to appeal. At page 13 of its order, the district court said, and I quote, the express waiver of Doss' direct appeal rights is valid and enforceable. Accordingly, Doss did not receive ineffective assistance of counsel when Attorney Yananeck refused to file a notice of appeal on Doss' behalf. This is a denial based on procedural grounds that is properly challenged under Rule 60B, similar to other procedural grounds outlined in Gonzales v. Crosby, that also divert district courts away from a relevant analysis of the petitioner's claims on the merits. I mean, I might have asked you that same question, counsel, citing that same part, because that It's not saying something like, I am presented with this petition but cannot consider it and it is therefore denied because it is part of the appellate waiver, or the appellate waiver precludes any consideration and is therefore denied. That would certainly contrast with the section you just read, and of course the section you just read comes after a very fulsome discussion of the ins and outs of appellate waivers, Strickland, the then existing Marbury standard, all of which I could ask you, doesn't that sound rather substantive? Yes, Judge Meade, and the government made the same point that you just made in their briefing, but the point that we consistently go back to is that the application of the valid waiver was the turning point, or as other circuit courts have put it, the crux or the basis of the entire Strickland analysis. The court at one point says normally a presumption of prejudice would apply here because counsel refused explicit request to file a notice of appeal form, but we are moving outside of that framework and instead applying the United States v. Marbury to procedurally apply this waiver. Of course it's the procedure, I mean I was with you up until you added the word to procedurally apply the waiver, and that's the question that's before us, right? Why can't both be substantive inquiries? I understand that you might disagree with the way that it operated there, but why does it make it less substantive, and we can't resolve that by just inserting the word procedural, so help me understand that more. Every turning point in the analysis turns on the waiver. The miscarriage of justice analysis that would normally fit into a Strickland analysis and reach a substantive conclusion was focused almost solely on the fact that Mr. Doss knowingly and voluntarily waived his right to appeal, but of course Mr. Doss' habeas petition and his claims never contested the validity of his waiver. He was focused solely on counsel's refusal to file the notice of appeal at multiple points, and the district court order to that point references at one point that Mr. Doss requested a notice of appeal form to be filed and Attorney Yannoneck refused, but given how much that the district court to not engage in a full presumption of prejudice analysis, we feel that that's a procedural decision on the whole. Also, to go to my second point, the only two circuits to look at similar issues have had similar scenarios in which a district court order had a substantive framework, began to preliminarily engage in a more substantive analysis, but similarly applied a waiver as a sort of carve out to the presumption of prejudice. Webb v. Davis from the 5th Circuit and Pease of the United States in the 11th Circuit both reached a similar conclusion, that a valid waiver cannot block a presumption of prejudice in a case like this, and to the extent that it does, that's a procedural move and a procedural basis for a decision that can be challenged under Rule 60B. In the view of the 5th and 11th Circuits, Rule 60B jurisdiction is proper, even if the underlying district court order engages with a legal framework that would otherwise be used to reach a substantive decision. The third point that I wanted to make was that ruling in Mr. Doss' favor here will keep district courts from being flooded with habeas petitioners. I know it's always a concern in habeas litigation cases. In recent cases, this court has already acknowledged that U.S. v. Maubry is abrogated, and so if an attorney refuses to file a requested notice of appeal, a presumption of prejudice must apply, and a valid appellate waiver cannot block that presumption. The entire reason that Mr. Doss may bring a Rule 60B challenge here is because his district court applied his waiver under the abrogated meaning of Maubry, and in doing so did not engage in a full presumption of prejudice analysis. As far as that decision is now abrogated by the Supreme Court and Guards of the Idaho, we believe that Rule 60B jurisdiction is proper to reexamine the dynamics of that abrogation. And... Judge Roth. No, Judge Roth. We do not feel that Guards of the Idaho is retroactive because the core holding from Guards of the Idaho that was applied to Maubry is consistent from the case Roe v. Flores-Ortega in 2000. Over that 20-year span, the Supreme Court was consistent that if a defendant requests for counsel to file a notice of appeal form and counsel refuses, a presumption of prejudice attaches to that decision. Maubry was always in tension with that consistent holding, and so to the degree the district court relied on Maubry in Mr. Doss' case, we feel that there's less of a retroactivity issue here and more an issue of properly applying Maubry under good law. An important point to make here in terms of the floodgates and gatekeeping argument is that if a district court applies a presumption of prejudice, as it must do now that Maubry has been abrogated, if an attorney refuses to file a notice of appeal, it will reach a substantive decision. And if a decision is substantive, a petitioner cannot challenge that decision under Rule 60B unless given leave to do so by the appellate court. This is important because as it stands, there seems to be some confusion about when a petitioner can challenge the application of a waiver and still make it into court under Rule 60B, and deciding this case and clarifying that Maubry is abrogated in this context will help guide both district courts and defendant's attorneys as to what their responsibilities are. The abrogation of Maubry makes it clear that an attorney in Mr. Yannick's position had a duty to file a notice of appeal form as requested. And here also we make the point that the duty to file a notice of appeal form at your client's request is different than actually pursuing an appeal. As Garza v. Idaho was very, very clear, filing a notice of appeal form is a very limited task that is not a strategic decision on the part of counsel, but rather a decision to be made by the client. Rule 60B jurisdiction is proper for Mr. Doss' case fundamentally because the district court applied his appellate waiver under the abrogated meaning of Maubry. I circle back to this point because, again, at this juncture the district court has not fully dealt with Maubry's abrogation in this context. Two other cases from this circuit, United States v. Wiles in 2021 and Valeska v. SCI, have both recognized that Maubry is abrogated precisely in the context it needs to be here for Mr. Doss to have a claim that the analysis below in the district court was not fully on the merits of his claim. I also wanted to engage for a moment with this argument, again, of whether a waiver applied in this way is a substantive or procedural move. Gonzales v. Crosby does not give an exhaustive list of procedural grounds for denying habeas claims. When you look at Gonzales, the listed factors are more akin to what's occurring, are not akin to what's occurring here. What's the argument that what's happening here falls within the ambit of Gonzales and therefore 60B applies? Yes, Judge Greenaway, some of the examples in Gonzales do include procedural grounds such as statute of limitations bars, but what they share in common with the procedural application of a waiver in our view is that in both cases those procedural grounds block a full analysis on the merits of the petitioner's claim. Part of the issue here is that the district court may have engaged with the validity of the petitioner to some extent, but they didn't fully engage with Mr. Doss's claims about his counsel's behavior. Mr. Doss submitted a pretty extensive record when he first filed his habeas petition, showing that there's at least some question as to the interactions between Attorney Yananick and Mr. Doss, what the status was between those two parties going into sentencing, whether Mr. Doss was under pressure. Mr. Doss at no point ever challenged the validity of his appellate waiver. He admits that going through his plea agreement proceedings, that was knowing and voluntary. He's always focused squarely on the refusal to file or requested notice of appeal as the basis for his initial habeas petition and his Rule 60B challenge. And Guards of the Idaho and Roe v. Flores Ortega and Justice Alito in a dissent to Bannister v. Davis have been clear that a waiver can be a procedural device in that kind of context, at least as far as getting Rule 60B jurisdiction in the lower court goes. It seems you might have, let's suppose you have a good argument that after Garza this case comes out that it's a substantive change in law that alters the framework as opposed to the Gonzales factors and examples about adding a claim, timeliness issues that the court was concerned with. And how do we, so if it's that issue and maybe it sits right on the line, then how do we avoid contracting AEDPA while we expand the civil rules? And isn't that what AEDPA tells us not to do? Yes, Judge Mady. I think it is worth acknowledging that this is close. It's always been close. That's probably why the issue is up for review right now. But fundamentally, applying a waiver in this way, even within that substantive context, is procedural. And in ruling for Mr. Dossier, the court would make the point that just as the Fifth and the procedural application of a waiver, again, remains procedural if it's the basis for the decision, even if there are other substantive claims analyzed. Both in the District Court order for Pease United States and in the District Court order here, there were other defendants' claims analyzed as part of the decision. It wasn't just about a waiver. But still, both the circuit courts who've looked at this issue have said, despite the rest of the context, even if it's substantive, when the waiver is applied in this way, that is, at the core, a procedural move. But if the waiver is applied substantively, and if the court determines that in approving the waiver and putting the waiver in and counseling the client about the waiver that there was no injustice done, then isn't that a decision on the merits to observe that the waiver was instituted without ineffective assistance of counsel, which is the basic underlying claim here? Well, respectfully, Judge Roth, the issue is that Mr. Doss's underlying claim here wasn't about his counsel's behavior in terms of the waiver. Again, he's always... Well, it was ineffective assistance of counsel. Right. But it was ineffective assistance of counsel very narrowly to the point that his counsel kept refusing to file a waiver. And it is true that at the time this decision was decided by the District Court, there was some case law on the books in the circuit that said that counsel should be cautious if there's a situation in which their client trying to file a notice of appeal and pursuing an appeal could lead to a harsher sentencing whenever he heard. But even if a presumption of prejudice wouldn't have applied following that scenario, it still doesn't follow that a presumption of prejudice shouldn't apply if counsel refuses to file a notice of appeal form when explicitly asked to do so. Again, this is the area where U.S. v. Marbury is in consistent tension with Supreme Court law, from Roe v. Lourdes Ortega all the way to Garza 20 years later. If an attorney refuses to file a notice of appeal form when asked to do so, there has to be that presumption applied that something was deficient. And a District Court could analyze that substantive issue and still come out that, you know, the District Court in this case could have very easily applied a presumption of prejudice to Attorney Yannonek's behavior and still reach the conclusion that Mr. Doss had not had any effective assistance issues. But that would be a very different decision than what we have here. If that decision came down, the issue would almost certainly be settled by the District Court at that point. That would be a decision on the merits saying that even if you apply a presumption of prejudice, Attorney Yannonek was sufficiently effective to pass Strickland. Here, we're left in doubt before this Court over whether an ineffective assistance analysis was fully done with all substantive law that's relevant under the Supreme Court precedence because we had no presumption of prejudice applied. Going back to the floodgates point that I was getting at before, it's hard to overstate how important this decision might be for helping litigants going forward know what their rights are at the stage of asking to file a notice of appeal and what attorneys' rights, responsibilities are to their clients. Part of the issue here that I think Judge Roth was getting at was that Attorney Yannonek thought at the time that he was engaging with Mr. Doss in their interactions as counsel and client that he could refuse to file a notice of appeal for him. Mr. Doss raises in part of the record that Attorney Yannonek explicitly told him that he would refuse to file a notice of appeal for him. And to that extent, there seems to be some confusion in the record about whether Attorney Yannonek fully understood what his responsibility was. He could refuse to file a notice of appeal for him, but a presumption of prejudice would always apply if he did. And the district court order below does not fully recognize that dynamic. All right. Thanks so much. We'll get you a rebuttal. Good morning, and may it please the court. Christian Hogsby on behalf of the United States. In response to the narrow question that this court presented to the parties, the district court lacked jurisdiction to consider Darnell Doss' January 22, 2020 letter motion under Rule 60B of the Federal Rules of Civil Procedure. That letter motion plainly sought to attack the court's 2017 denial of Doss' claim that his lawyer was ineffective for failing to file a notice of appeal after being directed to do so. That decision of the district court was one made on the merits, not on procedure alone. And that can be seen by a review of the district court's decision itself. As Judge Mady indicated, much of that decision is devoted to addressing the issue of Doss' claim that counsel was ineffective for failing to file an appeal. Let me just pick up on that because you mentioned that the decision wasn't made on a procedural loan and that much of the district court qualifiers that suggests that there are procedural elements here. So if there are procedural elements here, then why doesn't it fall within the broad ambit of Rule 60? Yes, Judge Mady. When I said much of it, certainly there is some preamble to the decision and at the end of the decision, the court addresses other claims on the merits aside from this central claim regarding counsel's failure to file the notice of appeal despite being directed to do so. That aspect of the decision, which is the only aspect of the decision as I understand it that's before the court, was, in the government's view, on the merits. And what I was trying to get at was Judge Conner's decision analyzing that claim goes through a legal analysis that demonstrates that the judge was reaching the merits of Doss' claim. The judge was not saying, the waiver exists, I can't reach that claim. In review of the court's decision, the court acknowledges at the outset the familiar standard under Strickland, the two-part standard, and how that standard is impacted by Roe versus Flores-Ortega, which required a particularized analysis under Strickland for claims of ineffectiveness for failing to file an appeal. Namely, that counsel must consult with the defendant who has expressed an interest in appealing, and that if counsel then fails to file the appeal, it is professionally unreasonable, and you look at a presumption of prejudice. The court went further and examined the then-existing law under Mabry, which provided that where there was a waiver of appeal, the court's analysis had to change. And the court then went through a two-pronged analysis, looking first at whether or not Mr. Doss' waiver of his appeal rights was knowing and voluntary, and concluded that it was, and then the district court proceeded to look at whether or not, under this court's law, that the enforcement of the waiver was likely in this court, or whether it would have been a miscarriage of justice to enforce the waiver. And the court concluded that it would not be. On the basis of those findings and Mabry's holding, the court concluded that prejudice would not be presumed in this case, and moreover, the court reached an additional finding that under that law, Mr. Doss faced certain legal jeopardy, or potential legal jeopardy, had he proceeded with a notice of appeal, because he could have been subject to a finding that he had breached his plea agreement and be subject to a resentencing de novo. And on the basis of that finding, which was grounded in the law that existed at that time, the court concluded that Mr. Yaninik engaged in reasonable decision-making as counsel. And the point of my recitation of that core of the district court's decision is to show that the court was engaged with the substance of Mr. Doss' claim of ineffectiveness. And I think that's really the key here, and is really the key as to why, under Gonzalez v. Crosby, the district court lacks jurisdiction under Rule 60B. In the majority's opinion in Gonzalez, it plainly states that Rule 60B does not allow a movement to bring a new claim for habeas relief, or to attack the district court's prior ruling on the merits of a claim. And that is exactly what Mr. Doss' letter motion purported to do. The letter motion plainly speaks about the subsequent decision in Garza. And Mr. Doss correctly notes that it had an effect. It changed the law as it applies in this circuit, an abrogated mobbery. And I think Mr. Doss is probably right that had Garza existed at the time, he may have been able to obtain relief on his 2255 petition. Why is it retroactive? Judge Roth, I do not believe it is, and I'm not aware of any court that has found that it is retroactive. So in Gonzalez, the court concluded that where you're trying to take a second bite at the substance of Apple, you have to go to the Court of Appeals for permission to file a second or successive petition. Mr. Doss attempted to do that here and was denied. And really, I think the way to look at Gonzalez is that it is providing, that is the substantive avenue for seeking the ability to have a claim considered on its merits as a second or successive petition. And that under Rule 60B, procedural, where a claim was never considered by the district court because of some sort of procedural barrier, that Rule 60B remains available to movements to have their claims considered on the merits where they weren't previously. In this case, Mr. Doss's claims were decided on the merits on his first petition to the district court. And his attempt to have the district court revisit that decision on the basis of a subsequent decision of the Supreme Court is precisely the kind of claim that the court in Gonzalez said, cannot be brought through Rule 60B motion. I would just speak briefly to Mr. Doss's reliance upon some out-of-circuit decisions in Peace and in Webb. I believe in Webb, the court sort of really gets at what we're talking about here this morning, and that is that the court did not engage with the claims that the movement had brought, but instead had relied upon the existence of a waiver to stand in the way of an analysis of the merits of those claims. And therefore, the appeals court concluded that Rule 60B did not serve as a gate preventing consideration of those claims on the merits. Similarly, in Peace, where I believe there was also a collateral waiver, which I think is significant here, but I haven't talked about really this morning, the court invokes the waiver that the movement had entered into, and used that really as a barricade to proceeding to considerations of the merits. And therefore, again, the 11th Circuit concluded that Rule 60B remained an available option for the movement in that case to have those claims actually considered. In the district court's decision in Doss's case, it's clear from the outset that there is no collateral waiver. Had there been, and had the court relied upon a collateral waiver to prevent even consideration of the claim of ineffectiveness regarding the failure to file a notice of appeal or any of the trailing issues regarding counsel's performance at sentencing, that may have presented a different situation than the one that's before the court today. In your brief at page 34, you quote the district court at page 20, saying, instead, the district court, relying on this court's decision in Marbury, held that the existence of a valid and knowing appellate waiver removed the Flores-Otega presumption of prejudice so long as enforcing the waiver would not lead to a miscarriage of justice. Was there a finding on miscarriage of justice? By the district court, Judge? Yes. Judge Connor did address whether or not, looked at whether or not, based on his analysis, he believed that this court would conclude that there would be a miscarriage of justice by enforcement of the waiver and concluded that it would not be. So the court wasn't reaching that conclusion. One of the words that's used, I think that the parties argue about somewhat in this case, is the application of a waiver. In this case, from the government's perspective, Judge Connor is not applying the waiver so much as acknowledging its existence as a fact relevant to a determination of whether or not counsel was, in fact, not functioning as counsel should and was ineffective. The court concluded that based on its engagement with the law and recognizing the existence of the waiver, that counsel did not behave ineffectively. So I think that the cases that the appellant relies upon simply just don't provide the support that they're offered for. There's no case that supports your position, though, right? Judge Mayne, I did look. I was not the author of the brief, but I did follow up on that issue. And I don't see much on this issue. But the case that I would offer, and I do it really without trying to be funny about it, is Gonzalez. Because I do believe that Gonzalez speaks directly to the issue that's presented in this case. And I think that perhaps it's not that surprising that this issue, at least on these facts, is somewhat difficult to find. Garza has been law since 2019. I believe there were only two circuits, this one and the Seventh Circuit, that followed a rule somewhat like that enunciated in Maubry. And in any event, those decisions are no longer good law. So I would expect this is not an issue that would be likely to have come up very frequently. But the decision in answer to your question, Judge Mayne, that I would point you to is, in fact, Gonzalez versus Crosby. If there are no further questions from the panel... Okay, thanks so much. So I'll make three quick points on rebuttal. First, my opponent says the district court recognized that the waiver was valid. But I would draw a clear line here between mere recognition as part of a merits analysis and making a waiver the crux of a determination of claims. And it's clear here, based on the way that the validity of the waiver was the turning point for miscarriage of justice analysis and for the rest of the district court order, that this was not a mere recognition. This was the basis of the district court's denial of Mr. Doss' initial habeas petition. Everything turned on this. Two, my opponent raised the issue about collateral versus direct waivers and the fact that here Mr. Doss did not waive his right to collateral appeal. We would point to page 8 of the district court's order. The district court references Mabry, but then says we're not going to distinguish between waiver types here. We're considering them as the same for the purposes of effectively blocking a presumption of prejudice if an attorney refuses to file a request notice of appeal. And the last point I would make is a more general point about the nature of Rule 60B relief here. I don't want to get into specifics about Mr. Doss' case, because we don't know how far the scope of our representation will go for him. But Rule 60B presents an opportunity for the district court to weigh a variety of factors in looking to whether equitable relief is granted. And to the extent that GARZA has reaffirmed prior case law from Roe v. Flores or Tega, and offered to the district court to weigh a variety of factors, and offered further guidance on Mabry, the district court is the proper forum to look at that decision and apply it to the facts of Mr. Doss' case. We would also briefly reference other factors looked at in Rule 60B analysis, such as a litigant's proactivity in pursuing his claims, and whether there's fundamental constitutional rights involved here. And given that effective assistance of counsel is a fundamental right, and each defendant has a due... I'll briefly conclude. Given that effective assistance of counsel is a fundamental constitutional right, we feel here that a Rule 60B consideration of how that factors into this case would be appropriate. Thank you. Thank you.